IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARLTON WAYNE SMITH,**

    **Petitioner,**

vs.                                                      Case No. 4:14cv404-WS/CAS

**UNITED STATES OF AMERICA,**
**U.S. IMMIGRATION AND CUSTOMS**
**ENFORCEMENT, MIAMI DIVISION,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

On August 1, 2014, the Clerk of Court received a § 2241 habeas petition from the pro se Petitioner who is incarcerated at the Wakulla Correctional Institution, a facility within the Florida Department of Corrections. Doc. 1. Petitioner did not initially pay the filing fee for this case or submit an in forma pauperis motion, *see* doc. 3, but he has now paid the filing fee, doc. 4, and the petition has been reviewed.

Prior to setting forth Petitioner's claims, judicial notice is taken that Petitioner submitted another petition for writ of habeas corpus pursuant to § 2241 on the same date. Case number 4:14cv402-RH/CAS was also opened for Petitioner, but the two petitions are not identical. Respondent in both this case and the other case is the

United States of America, U.S. Immigration and Customs Enforcement, but the other case also adds two other persons as Respondents. Nevertheless, both petitions are generally against the same Respondent concerning the same underlying conviction or sentence. A Report and Recommendation, doc. 4, is pending in the other case. The same recommendation should be made in this case.

Petitioner indicates the conviction or sentence for which he is presently incarcerated is a 2009 conviction for illegal re-entry after deportation in the United States District Court, Southern District of Florida. Doc. 1 at 2. Petitioner entered a guilty plea and was sentenced to two years in prison. *Id.*

In the instant petition, Petitioner presents two grounds to support his claim that his 2009 conviction was unlawful. Doc. 1 at 4. In the first ground, Petitioner contends his due process rights were violated by the retroactive application of IIRIRA § 321 Enactment in 1996." *Id.* In the second ground, Petitioner contends the "Immigration Judge failed to advise Petitioner of his rights to appeal and his eligibility for a waiver of deportation [which] violated his due process rights and his removal order cannot stand as a basis for his [2009 federal] conviction [for re-entry after deportation]." *Id.* As will be discussed below, those claims have already been adjudicated. This Court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). There is no need to consider the merits of this case because Petitioner has already litigated these claims.

Moreover, it does not appear that Petitioner is still serving the sentence and conviction challenged in this petition. Petitioner indicates he is incarcerated for the federal offense in case 09-20952, but his address at the Wakulla Correctional Institution reveals Petitioner is no longer under federal custody but is, instead, serving a state sentence. Judicial notice is taken of case number 1:09cr20952 from the Southern District of Florida that judgment was entered against Petitioner pursuant to a plea agreement, docs. 19 and 23, on March 10, 2010. Petitioner was sentenced to 24 months imprisonment on count one of the indictment with one year supervised release and count 2 was dismissed. Docs. 22, 23.

Petitioner filed a motion to vacate under § 2255 in that criminal case on May 7, 2010, which was denied on March 3, 2011. Docs. 25, 29.[1] Thereafter, Petitioner filed petitions for writs of error coram nobis, docs. 31 and 32, which were also denied. Docs. 33, 36. Of relevance to this proceeding, United States District Judge Marcia G. Cooke explained that in Petitioner's § 2255 petition, he "raised the following claims: the court lacked subject matter jurisdiction over the offense of conviction because the offense was unconstitutional as applied; (2) the immigration judge violated his constitutional rights during the Petitioner's removal proceedings; and (3) pursuant to United States v. Ubaldo-Figueroa, 347 F.3d 718 (9th Cir. 2009), Petitioner's conviction and sentence should be vacated because of the underlying deportation order used to convict him was

---

[1] Petitioner's § 2255 motion was opened as case number 1:10cv21507-MGC in the Southern District of Florida. The Report and Recommendation of United States Magistrate Judge P.A. White entered on February 3, 2011, is document 24 of that case. The Order adopting the Report and Recommendation is document 25 of case number 1:10cv21507-MGC. It is also filed in the criminal case, case number 1:09cr20952, as document 29.

entered in violation of his constitutional rights."  Doc. 36 at 2.  Each of the claims was found to lack merit and were denied.  *Id.*  The petitions for writ of error coram nobis were denied because Petitioner was "attempting to re-litigate the same claims that have already been presented, considered and dismissed."  *Id.* at 3.

It has also been discovered that Petitioner filed a third motion for writ of error coram nobis on April 4, 2014, in the Southern District of Florida.  Case number 1:14cv21215-MGC.  That motion was dismissed as successive in violation of 28 U.S.C. § 2244(b)(3), and the case closed on May 31, 2014.  Docs. 7, 8 of that case.

Petitioner now seeks to collaterally challenge his conviction in case number 1:09cr20952 in this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Doc. 1.  "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' "  Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), *quoting* 28 U.S.C. § 2241(c)(3).  The "in custody" statutory language requires the petition to "be 'in custody' under the conviction or sentence under attack at the time his petition is filed.  Maleng, 490 U.S. at 490–491, *citing* Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).  The Court held in Maleng that a habeas petitioner is not "in custody" if the sentence or conviction challenged has "fully expired" at the time a habeas petition is filed, even though collateral consequences flow from a prior conviction and even if there is a "possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted."  490 U.S. at 492.  Because Petitioner was convicted and sentenced on March 10, 2010,

to a 24-month term of imprisonment and one year of supervised release, his sentence was fully expired by March 10, 2013. This case was filed on August 1, 2014. Doc. 1. Therefore, this Court lacks subject matter jurisdiction to consider this § 2241 petition since Petitioner does not meet the "in custody" requirement.

To the degree the petition should be construed as a petition for writ of coram nobis, such relief is not possible in this Court. "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. United States, ––– U.S. –––, 133 S.Ct. 1103, 1106 n.1, 185 L.Ed.2d 149 (2013), *citing* United States v. Morgan, 346 U.S. 502, 507, 510–511, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Yet, coram nobis is an extraordinary remedy and is only available to a petitioner who has no other means of challenging his sentence. United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (stating that "[a] writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for postconviction relief under 28 U.S.C. § 2255."). Furthermore, "the writ of coram nobis was 'available to bring before the court that pronounced the judgment errors in matters of fact which had not been put in issue or passed upon and were material to the validity and regularity of the legal proceeding itself . . . ." United States v. Addonizio, 442 U.S. 178, 186, 99 S.Ct. 2235, 2241 (1979), *quoting* United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 19-20, 59 L.Ed. 129 (1014). However, Petitioner has already "put in issue" the claims he seeks to litigate in this habeas petition in his prior § 2255 motion and in three prior petitions for

writ of coram nobis. Petitioner may not continue to litigate claims which have been dismissed.

Moreover, this Court is not the "court that pronounced the judgment" Petitioner seeks to challenge. The proper forum for seeking coram nobis relief is in the court that had subject matter jurisdiction over Petitioners original judgment of conviction. United States v. Denedo, 556 U.S. 904, 912–913, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009) (explaining that "an application for the writ [of coram nobis] is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired."), *citing* United States v. Morgan, 346 U.S. 502, 505, n. 4, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (noting that coram nobis is "a step in the criminal case" and is not a separate civil proceeding). Thus, even if the petition should be construed as one seeking a writ of coram nobis, this Court is not the court where Petitioner was convicted and cannot provide such relief. Considering that Petitioner has already sought and been denied such relief three times in the United States District Court, Southern District of Florida, this case should not be transferred.

In light of the foregoing, notwithstanding the fact that the filing fee has not yet been paid, it is respectfully **RECOMMENDED** that Petitioner Carlton Wayne Smith's petition for writ of habeas corpus, doc. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2014.

    S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**